**Shenoa L. Payne,** OSB No. 084392
E-mail:  spayne@paynelawpdx.com
**SHENOA PAYNE ATTORNEY AT LAW PC**
385 First St., Ste. 221
Lake Oswego, Oregon 97221
Phone: (503) 546-1506
Facsimile: (503) 546-1504

**Christina Stephenson**, OSB No. 102287
E-mail:  christina@stephensonlawpdx.com
**STEPHENSON LAW LLC**
888 SW 5th Ave., Ste. 650
Portland, Oregon 97204
Phone: (503) 610-9225

       Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **REBEKAH J. BREYER,** an individual<br><br>    Plaintiff,<br>  v.<br><br>**PACIFIC UNIVERSITY**, a domestic nonprofit corporation,<br><br>    Defendant. | Case No.:  3:17-cv-36<br><br>**COMPLAINT**<br><br>Disability Discrimination and Retaliation (42 U.S.C § 12182; 29 U.S.C. § 794; ORS 659A.142)<br><br>Breach of Contract<br><br>Promissory Estoppel<br><br>DEMAND FOR JURY TRIAL |

Plaintiff alleges as follows:

### INTRODUCTION

1.     Plaintiff Rebekah J. Breyer is an individual who lives with cerebral palsy, a physical disability that affects her motor skills and musculoskeletal system.  Despite her

Page 1 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

disability, Ms. Breyer has proven herself to be a successful student in academia, completing a master's degree and having her work published.

2. Ms. Breyer applied to defendant Pacific University's 2015 School of Professional Psychology (SPP) Doctor of Psychology (PsyD) program. Based on her academic qualifications, Ms. Breyer was admitted to the SPP program. After her admission, defendant consistently questioned Ms. Breyer's ability to complete the SPP program, based solely on speculation and baseless fears about Ms. Breyer's disability. As Ms. Breyer proceeded through the program, defendant constantly negatively reminded Ms. Breyer of her disability and discouraged her from continuing her PsyD. Rather than accommodate Ms. Breyer's differences, defendant treated her disability as a weakness that overshadowed her academic abilities. Defendant refused to support Ms. Breyer in obtaining coursework required to complete the SPP program. Further, defendant refused to remedy the pervasive discrimination Ms. Breyer faced, compounding the obstacles for Ms. Breyer. Defendant placed roadblocks at every juncture, including refusing to bear the modest cost of a reasonable accommodation that Ms. Breyer requested as a last resort in an attempt to appease defendant's doubts about her abilities. Due to defendant's ongoing discrimination and expressed lack of support, Ms. Breyer was forced to withdraw from the SPP.

3. Defendant's conduct in denying Ms. Breyer an equal opportunity to participate in the SPP program violates Section 504 of the Rehabilitation Act, Title III of the American with Disabilities Act as Amended, ORS 659A.142(4) and Oregon contract law.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331. Plaintiff's claims arise under 42 U.S.C § 12182 and 29 U.S.C. § 794.

Page 2 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

5. This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a). Plaintiff's state law claims are so related to their federal claims that they form part of the same case or controversy.

6. Venue is proper in this District under 28 U.S.C. § 1391(a)(2) and (3). The events giving rise to this Complaint occurred in this district and defendant's conduct occurred within this District.

## PARTIES

7. Plaintiff Rebekah J. Breyer is an individual who was at all relevant times either an applicant for admission or a student in defendant's SPP program. Ms. Breyer is and was at all relevant times a resident of Hillsboro, Oregon.

8. Defendant Pacific University is a domestic nonprofit corporation of the State of Oregon located in Forest Grove, Oregon. Pacific University is a postsecondary education facility that offers, among other things, a PsyD degree in Clinical Psychology.

## FACTUAL ALLEGATIONS

### Defendant

9. At all relevant times, defendant received federal financial assistance.

10. Defendant is a postgraduate private school whose operations affect commerce.

### Ms. Breyer

11. Ms. Breyer is a person living with cerebral palsy (CP).

12. Ms. Breyer's CP substantially limits her motor skills and her neurological and/or musculoskeletal functions.

Page 3 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

## The Application and Interview Process

13.     On or about December 4, 2014, Ms. Breyer submitted an application to defendant's SPP and expressed a preference to be in the forensic psychology track of the SPP. Ms. Breyer disclosed to defendant in her application that she is a person living with CP.

14.     On or about February 27, 2015, Ms. Breyer visited Oregon and attended an in-person interview on defendant's campus.  Ms. Breyer received ratings of "average," "above average," and "outstanding" during her interview.  One of the faculty raters of Ms. Breyer's application declined to rank Ms. Breyer's "clinical potential" and noted, "[n]eed to discuss this applicant in detail – with advice and counsel."

15.     After her in-person interview, Ms. Breyer was able to submit a "re-rank" of her track choice.  Ms. Breyer expressed her preference to be admitted to the following tracks, ranking them in the following order:  (1) Forensic Psychology; (2) Neuropsychology; and (3) Child & Adolescent psychology.

16.     On or about March 12, 2015, defendant's agent and employee, Katherine Elder, SPP Interim Director of Admissions, requested a follow-up interview with defendant to "have a more detailed conversation about essential job functions specific to graduate students at SPP." Upon information and belief applicants that had not disclosed disabilities were not subjected to such conversations about the essential functions of being a student.

17.     On or about March 12, 2015, Dr. Elder and Kim Garrett, Director of Learning Support Services, conducted a follow-up interview with Ms. Breyer over the telephone.  During this interview, Dr. Elder and Ms. Garrett expressed concerns regarding Ms. Breyer's ability to complete the SPP program solely based on Ms. Breyer's disability.  Ms. Elder and Ms. Garrett,

Page 4 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

among other things, asked Ms. Breyer if she could "arrange blocks," how children and adults react to her, and how she expected to obtain an internship with her disability.

18.     On or about March 12, 2015, Dr. Elder sent Ms. Breyer the SPP Essential Job Functions and two videos that were examples of psychological standardized testing administration.  After reviewing the SPP Essential Job Functions, reviewing the videos, and consulting with her thesis advisor at Colorado State University (CSU), Ms. Breyer confirmed that she could complete all the essential requirements of the SPP.  Ms. Breyer also noted that her adviser at CSU doubted that some of the items included by SPP were truly "essential functions" of the PysD program.

19.     On and around March 16, 2015, defendant's admissions committee had extensive discussions regarding whether to admit Ms. Breyer, including whether she could complete the SPP program in light of her disability.

20.     On or about March 19, 2015, defendant offered Ms. Breyer admission into the SPP in the Adult Psychology Track.

21.     On May 12, 2012, Ms. Breyer emailed Dr. Elder and accepted defendant's offer of admission.  Concerned about the discrimination she experienced during the follow-up phone interview, she also requested an in-person meeting with Dr. Elder to discuss "how the issue of diversity was handled," in her interview process.

22.     On May 13, 2012, Dr. Elder alerted SPP faculty and administrators that Ms. Breyer had accepted the offer of admission and that she felt "this warrants consideration by the whole group about how best to respond."  Although Ms. Breyer had been technically accepted into the program, it became evident that she would never be truly accepted.

Page 5 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

23. On information and belief, defendant made promises to Ms. Breyer in its admission and enrollment agreements, catalog, student handbook, bulletin, circulars, and other student contracts or policies of non-discrimination that it would not discriminate against Ms. Breyer and would provide her an equal opportunity to perform the requirements of the SPP program.

### The SPP Program

24. On or about July 30, 2015, Ms. Breyer and her husband relocated from Colorado to Oregon for the SPP program, incurring significant expense related to the move.

25. On or about August 31, 2015, Ms. Breyer began classes in defendant's SPP program. The requirements of the SPP program include completion of the required track and selected courses and completion of three terms of a practicum.

26. On or about September 14, 2015, Ms. Breyer reported to defendant, by and through Dr. Elder, Dr. Tamara Tasker, Professor and Director of Academics, and Dr. Brems, Professor and Dean of the SPP, that she was discriminated against due to her disability during the interview process. Ms. Breyer told the group the way she was treated was likely illegal, to this the group admitted that they had no training or knowledge about the Americans with Disabilities Act (ADA).

27. On or about September 21, 2015, defendant's employee and agent, Professor Jane Tram, requested that Ms. Breyer explain her disability in front of her clinic skills class. That same day, Ms. Breyer complained to defendant, by and through Dr. Jennifer Clark, Associate Professor and Director of SPP, that the request by Dr. Tram was evidence of how she was being treated differently due to her disability. Ms. Breyer also reported to Dr. Clark that she had also

Page 6 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

been discriminated against due to her disability during the interview process with SPP.

28. On or about September 22, 2015, Ms. Breyer declined Dr. Tram's request that Ms. Breyer's disability would be the subject of class time.  Ms. Breyer also again reported to defendant, by and through Dr. Clark and Dr. Tasker, that she was experiencing disability discrimination.  Ms. Breyer asked whether she needed to provide her resume to each professor in advance for them to believe that she was a capable student, despite her disability.  Dr. Clark and Dr. Tasker assured Ms. Breyer she did not have to go to these lengths; Ms. Breyer, however, got no such assurance regarding her proposal in the meeting that SPP personnel receive ADA training.

29. On or about October 5, 2015, Ms. Breyer stated in one of her classes that the most negative experiences in her academic career, with regard to her disability, had been at SPP.

30. On or about October 12, 2015, in response to Ms. Breyer's statement, defendant required Ms. Breyer to meet with its employees and agents, Dr. Genevieve Arnaut, Professor & Director of Clinical Training, and Dr. Susan Li, Professor and Director of Human Diversity.  During this meeting, Ms. Breyer reported the illegal questions that were asked of her during the phone interview preceding her admission.  Ms. Breyer also reported Dr. Tram's request to have her speak about her disability in front of the class.  Rather than address her concerns, defendant hijacked the meeting and instead questioned Ms. Breyer's ability to administer psychological standardized testing and/or assessments, to obtain practicums due to possible physical requirements of certain practicums and whether the SPP program was the "right fit" for Ms. Breyer.  Defendant then went on to suggest other career paths that Ms. Breyer could pursue that would accommodate the limitations they presumed Ms. Breyer had.  There was no discussion,

Page 7 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

however, about what accommodations might be made to enable Ms. Breyer to be successful in the program.

31.     On or about October 14, 2015, Ms. Breyer again reported to defendant, by and through Dr. Arnaut, Ms. Garrett, Dr. Li, Dr. Clark, and Dr. Tasker, that defendant had discriminated against her because of her disability in violation of the ADA.  Ms. Breyer asked defendant to stop questioning her abilities and to see how they could work together to make adjustments as needed.

32.     Defendant's consistent discouragement and failure to remedy discrimination was greatly impacting Ms. Breyer's ability to focus on the work of being a student.  In order to resolve defendant's doubts, on or about October 15, 2015, Ms. Breyer requested another meeting.  Ms. Breyer hoped the meeting would finally put the issues to rest.

33.     On or about October 19, 2015, Ms. Breyer met with defendant, by and through Dr. Clark and Dr. Arnaut.  Dr. Clark and Dr. Arnaut again expressed doubts about Ms. Breyer's ability to obtain a practicum and complete standardized testing and assessment.  Dr. Arnaut also stated she would not feel comfortable giving Ms. Breyer a practicum recommendation because she was not sure Ms. Breyer could do the work.  Ms. Breyer requested to view examples of students performing the assessment and an accommodation of an assistant to complete the manual dexterity functions of the standardized testing examination requirement.  Defendant lacked any actual evidence that Ms. Breyer was not qualified or capable to perform standardized testing or obtain practicums; its concerns were based instead on speculation and/or fear regarding Ms. Breyer's disability.  Met with more obstacles and doubt, Ms. Breyer was dejected.

:::

Page 8 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

34.     On or about October 26, 2015, defendant, by and through Ms. Garrett and Ms. Clark, informed Ms. Breyer that Ms. Breyer would be responsible for paying for the accommodation she requested for test administration requirements in assessment coursework. On information and belief, defendant knew that, as a student, Ms. Breyer could not afford even the modest cost of the accommodation. On information and belief, defendant desired to have Ms. Breyer withdraw from the program. During the October 26 meeting Ms. Breyer informed defendant that the stress of constantly fighting for equal treatment was adversely affecting her academic performance. Again defendant offered no solution and apparently viewed Ms. Breyer's struggles as confirmation that they had been right to doubt Ms. Breyer.

35.     On or about November 3, 2015, Ms. Breyer withdrew from the SPP due to defendant's refusal to provide her requested reasonable accommodations, defendant's ongoing discrimination, and defendant's retaliatory conduct toward Ms. Breyer.

**Injury**

36.     Defendant's unlawful conduct injured Ms. Breyer and denied her an equal opportunity to participate in the SPP program. Ms. Breyer moved to Oregon in reliance on defendant's promises not to discriminate against her, took out loans to pay for her tuition and expenses, and incurred counseling and other treatment expenses as a result of the emotional harm she has suffered. As a result of this discrimination, Ms. Breyer has suffered economic damages in the form of tuition and expenses paid, interest paid on loans received for tuition and expenses paid, future economic impairment related to the delay or inability to obtain a PsyD degree, the cost of mental health and/or other medical treatment for the effects of defendant's discrimination, moving expenses in reliance on defendant's promises, and/or consequential damages.

Page 9 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

37. Defendant's unlawful acts have caused plaintiff significant noneconomic damages in the form of emotional distress, including but not limited to mental suffering, loss of confidence, anxiety, depression, and humiliation.

38. Unless enjoined, defendant will continue to engage in the unlawful acts of discrimination described above. Ms. Breyer has no adequate remedy at law. Therefore, Ms. Breyer is entitled to injunctive relief, including reinstatement to Pacific University.

39. Ms. Breyer has mitigated her damages and/or any failure to mitigate her damages is a direct cause of defendant's unlawful conduct.

## FIRST CLAIM FOR RELIEF

### (Disability Discrimination and Retaliation in Violation of Title III of the ADA, 42 U.S.C. § 12182)

40. Ms. Breyer realleges each and every paragraph above.

41. Defendant is a place of public accommodation, as that term is defined in 42 USC § 12181(7) and 28 C.F.R. § 36.104.

42. Ms. Breyer has a physical impairment that substantially limits one or more of her major life activities.

43. Defendant regarded Ms. Breyer as having a physical impairment that substantially limited one or more of her major life activities.

44. Defendant was aware of Ms. Breyer's disability.

45. Ms. Breyer is a qualified individual who meets the academic and technical standards requisite to admission or participation in defendant's SPP.

:::

Page 10 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

46. Defendant unlawfully discriminated against Ms. Breyer on the basis of disability as follows:

   a. Denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages or accommodations of defendant.

   b. Failure to provide Ms. Breyer the opportunity to participate in or benefit from the goods, services facilities, privileges, advantages, or accommodations that is equal to those afforded to non-disabled students;

   c. Otherwise limit Ms. Breyer's enjoyment of the rights, privileges, advantages, or opportunities enjoyed by others receiving goods, services, facilities, privileges, advantages, or accommodations that are enjoyed by non-disabled students.

   d. Subjecting Ms. Breyer to discrimination in the admission or recruitment of Ms. Breyer on the basis of her disability;

   e. Making pre-admission inquiries regarding Ms. Breyer's disability;

   f. Using application or eligibility criteria that tend to screen out individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations;

   g. Utilizing criteria or methods of administration that have the effect of subjecting qualified disabled individuals to discrimination on the basis of their disability or have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the SPP with respect to

Page 11 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

individuals with disability.

    h.    Failure to make reasonable modifications in policies, practices or procedures, when such modifications were necessary to afford Ms. Breyer the goods, services, facilities, privileges, advantages, or accommodations afforded to non-disabled students;

    i.    Failure to provide auxiliary aids or services to Ms. Breyer that were necessary to ensure that she was not excluded, denied services, segregated, or otherwise treated differently than non-disabled students; and

    j.    Failure to affirmatively investigate the best way to ensure that Ms. Breyer was not excluded, denied services, segregated, or otherwise treated differently than non-disabled students;

    k.    Maintaining a disability-based environment of hostility; and

    l.    Retaliating against Ms. Breyer because she opposed defendant's unlawful conduct; and

47.    Ms. Breyer's disability was the sole or motivating factor of defendant's unlawful conduct.

48.    Defendant's conduct was carried out with deliberate indifference to Ms. Breyer's civil rights, mental health and welfare.

49.    Ms. Breyer intends to return to Pacific University as a student and is entitled to injunctive relief.

50.    Pursuant to 42 U.S.C. § 12205, Ms. Breyer is entitled to her reasonable attorney fees, costs, and disbursements incurred in prosecuting this claim.

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

## SECOND CLAIM FOR RELIEF

**(Disability Discrimination and Retaliation in Violation of**

**Section 504 of the Rehabilitation Act, 29 U.S.C. § 794)**

51.   Ms. Breyer realleges each and every paragraph above, and in addition alleges the following facts:

52.   Defendant is a college, university, or other postsecondary institution that received federal financial assistance during the relevant time period.

53.   Plaintiff is entitled to injunctive relief and compensatory damages.

54.   Pursuant to 29 U.S.C. § 794a(b), Ms. Breyer is entitled to her reasonable attorney fees, costs, and disbursements incurred in prosecuting this claim.

## THIRD CLAIM FOR RELIEF

**(Disability Discrimination and Retaliation in Violation of ORS 659A.142(4))**

55.   Ms. Breyer realleges each and every paragraph above, and in addition alleges the following facts:

56.   Defendant is a place of public accommodation as defined in ORS 659A.400 and OAR 830-006-0305(4).

57.   Plaintiff is entitled to injunctive relief and compensatory damages.

58.   Pursuant to ORS 659A.885, Breyer is entitled to her reasonable attorney fees, costs, and disbursements incurred in prosecuting this claim.

:::

:::

:::

Page 13 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

## FOURTH CLAIM FOR RELIEF

### (Breach of Contract)

59. Ms. Breyer realleges each and every paragraph above, and in addition alleges the following facts:

60. Ms. Breyer performed all conditions precedent to her contract with defendant.

61. Defendant made plaintiff promises in its admission and enrollment agreements, catalog, student handbook, bulletin, circulars, and other student contracts or policies of non-discrimination that it would not discriminate against Ms. Breyer and would provide her an equal opportunity to perform the requirements of the SPP.

62. Ms. Breyer accepted those promises and paid defendant tuition to attend Pacific University.

63. Defendant breached its promises by failing to provide her an equal opportunity to participate in the SPP program in violation of its own policies of non-discrimination.

64. Ms. Breyer's harm was a foreseeable result of defendant's breach of its promises.

65. Plaintiff is entitled to compensatory damages and/or specific enforcement of the contract.

## FIFTH CLAIM FOR RELIEF

### (Promissory Estoppel)

66. Ms. Breyer realleges each and every paragraph above, and in addition alleges the following facts:

67. Defendant made plaintiff promises in its admission and enrollment agreements, catalog, student handbook, bulletin, circulars, and other student contracts or policies of non-

Page 14 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

discrimination.

68. Ms. Breyer reasonably relied on defendant's promises to her detriment.

69. It was reasonably foreseeable that Ms. Breyer would rely on defendant's promises.

70. Defendant's conduct caused plaintiff harm.

71. Plaintiff is entitled to compensatory damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court provide trial by jury and a judgment providing the following relief:

1. Awarding plaintiff her economic damages on Plaintiff's Second, Third, Fourth, and Fifth Claims for Relief, in an amount to be determined at trial;

2. On Plaintiff's Second and Third Claims for Relief, awarding plaintiff her noneconomic damages in an amount to be determined at trial;

3. On Plaintiff's First, Second, and Third Claims for Relief, awarding plaintiff her reasonable attorney's fees and costs;

4. On Plaintiff's First, Second, and Third Claims for Relief, an order that:

    a. Reinstates Ms. Breyer as a student at Pacific University;

    b. Requires defendant to appoint a Section 504 representative in accordance with law;

    c. Requires defendant to create and train its employees on a policy that prohibits it from creating performance measures or assessing an individual's abilities based on disability;

:::

Page 15 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

    d.    Requires defendant to create and train its employees on a policy that all discussions with students with disabilities regarding their disability are to occur with defendant's Section 504 representative present;

    e.    Requires defendant to provide annual training to the SPP administration and professors regarding the requirements of Section 504, the ADA, and Oregon disability discrimination law;

    f.    Requires defendant to create and implement a policy in compliance with state and federal law that forbids defendant from making preadmission inquiries into whether an applicant for admission is an individual with a disability or, if the disability is obvious or apparent, discussing the individual's disability in any capacity. After admission, defendant may make inquiries on a confidential basis as to the individual's disability that may require accommodation; and

    g.    Requires defendant to remove Ms. Breyer's "withdrawal" status on all transcripts and other records.

5. On All Claims for Relief, awarding plaintiff pre-judgment interest on all damages at the highest rate allowed by law; and

6. On All Claims for Relief, granting such other and further relief as the Court deems just and equitable.

:::

Page 16 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, plaintiff demands trial by jury in this action on all issues triable by a jury.

DATED this 9th day of January, 2017.

SHENOA PAYNE ATTORNEY AT LAW, P.C.


By: *s/ Shenoa L. Payne*
    Shenoa L. Payne, OSB No. 084392


STEPHENSON LAW LLC


By: *s/ Christina Stephenson*
    Christina Stephenson, OSB No. 102287

*Attorneys for Plaintiff*

Page 17 – COMPLAINT

SHENOA PAYNE
ATTORNEY AT LAW
385 FIRST STREET, SUITE 221
LAKE OSWEGO, OR 97034
(503) 546-1506/ (503) 546-1504
www.paynelawpdx.com